UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, JR. <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW CATE, et al., <br><br> Defendants. | Case No.: 1:12-cv-01302-AWI-SAB (PC) <br><br> ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN <br><br> THIRTY-DAY DEADLINE |

Plaintiff Lorenzo Fosselman, Jr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 13, 2012, Plaintiff filed the original complaint in the Sacramento County Superior Court alleging a violation of his civil rights under the United States Constitution.

On August 1, 2012, Defendants Cate and Heberle removed the action to this Court.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled
2  to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare
3  recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
4  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
5  (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the
6  deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d
7  1011, 1020-1021 (9th Cir. 2010).

8  Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
9  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
10 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
11 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
12 the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal,
13 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
14 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
15 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
16 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

19 Plaintiff is a Kemetic Spiritual Science Prisoner, serving a double life sentence.  Despite his
20 violent history both outside and inside of prison, Plaintiff was forced to be double celled with mentally
21 unstable and known sociopathic inmates at Salinas Valley State Prison (SVSP).  Prison officials were
22 put on notice that such inmates were incompatible with Plaintiff's way of life, and therefore the policy
23 of forced double celling presented a direct threat to the health and safety of both plaintiff and the
24 incompatible cellmate, as well as the institution.

25 In July 2003, while housed at SVSP, Plaintiff was charged with a battery of a cellmate T.
26 Lewis, and subsequently re-housed to administrative segregation.

27 On or about June 27, 2006, a mentally unstable inmate named J. Jordan attempted suicide
28 while housed in the cell with Plaintiff.  Upon information and belief, prison staff knew Jordan was

mentally unstable, dangerous, and suicidal before, and during, the time they required Plaintiff and Jordan to double cell together.

After unsuccessfully attempting to obtain relief through the prison appeals process, on February 1, 2008, Plaintiff attended an Institutional Classification Committee (ICC) hearing. At this time, the ICC was put on notice through a written statement that if Plaintiff was further forced to double cell with any inmate incompatible with his Kemetic religious beliefs the inmates blood would be on the departments hands.

At the February 1, 2008, ICC hearing, Plaintiff was placed on single cell status. However, there was a mix-up with the paperwork, so Plaintiff filed a 602 inmate appeal for clarification. During the appeal process, the SVSP department heard approved single cell status, upon information and belief for the safety and security of the institution. Plaintiff's custody status remained single cell as per the action requested.

On January 29, 2009, while housed at Kern Valley State Prison (KVSP), Plaintiff attended his annual ICC, and at this hearing Defendant Dimmer recommended that Plaintiff's custody status be changed from single to double cell status.

On April 6, 2009, Plaintiff filed another grievance challenging the ICC decision.

On or about April 24, 2009, a hearing regarding Plaintiff's grievance was conducted. Defendant Dimmer recommended that Plaintiff be placed in administrative segregation and issued a rules violation report for the contents of the grievance. As a direct result of Dimmers recommendation, Plaintiff was removed from his paying inmate assignment as a clerk , had restricted law library access, was unable to attend spiritual services, and his outdoor exercise rights were restricted, causing a chilling effect on his efforts to redress his grievance.

At a subsequent ICC hearing, Defendants Dimmer and Harrington changed Plaintiff's housing custody to single cell and ordered him retained in administrative segregation pending outcome of the rules violation report hearing.

Plaintiff was found not guilty of threatening an inmate at the rules violation hearing based on insufficient evidence. Based upon information and belief it was clear that the rules violation and

///

administrative segregation placement was a reprisal for the grievance Plaintiff wrote regarding staff's deliberate indifference.

Between April and September of 2009, Defendant T. Billings refused to investigate or process the grievances Plaintiff sent regarding the improper housing status designation. Upon information and belief Billings was intentionally stonewalling all of Plaintiff's appeals on the issue to shield her supervisors and co-workers from accountability.

On or about June 9, 2009, another ICC hearing took place, and Plaintiff's housing status was changed back to double cell eligible.

In June 2009, Plaintiff was released back into the general population and forced to share a cell with fellow prisoner L. Player, who is a life prisoner, with a history of violent sociopathic, predatory behavior all of which defendants were aware. Plaintiff believes defendants intended for Plaintiff and Player to have a physical altercation in the cell.

On April 1, 2010, while housed at Kern Valley State Prison (KVSP), Plaintiff was housed single cell for four months without incident. On this date, officer Johnson orchestrated a move to force inmate Davis into the cell with Plaintiff, even though Johnson and KVSP administration were aware that David was mentally unstable.

On several occasions prior to the move, Plaintiff told Johnson personally that due to his spiritual convictions he was not compatible to share a cell with any inmate with mental problems and/or gang affiliation. Johnson was aware that Plaintiff followed the Kemetic Spiritual Science, and upon information and belief this caused Johnson resentment.

Johnson and Herbele reviewed Plaintiff's Central file in December 2009 and March 2010. Despite Johnson's knowledge of the factors involved, Plaintiff was forced to share a cell with inmate Davis, or suffer placement in administrative segregation.

On April 3, 2010, Plaintiff and Davis were involved in a physical altercation, resulting in serious injuries to inmate Davis.

Upon information and belief, defendants knew by placing Davis in a cell with Plaintiff, they were placing both prisoners' health and safety in jeopardy because they were not compatible. As a result, defendants sought to cover-up the incident and found Plaintiff guilty of behavior which could

1  lead to violence and intentionally ignored the facts of the circumstances that lead to inmate Davis
2  sustaining actual injuries.
3        On April 6, 2010, Plaintiff filed a grievance concerning the unethical and inhumane practices
4  of the defendants regarding his double cell status.  Defendant T. Billings improperly denied the appeal
5  on several different occasions.

## III.

## DISCUSSION

### A.  Supervisory Liability

Plaintiff names Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation as a Defendant.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Matthew Cate.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

### B.  Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a

1  duty to take reasonable steps to protect inmates from physical abuse.  <u>Farmer</u>, 511 U.S. at 833; <u>Hearns</u>
2  <u>v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates
3  from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison
4  officials know of and disregard a substantial risk of serious harm to the plaintiff.  <u>Farmer</u>, 511 U.S. at
5  847; <u>Hearns</u>, 413 F.3d at 1040.

Plaintiff's allegations that on April 1, 201, while housed at KVSP, Defendant Johnson knowingly placed in a cell with inmate Davis despite his awareness that the two were not compatible which resulted in a physical altercation between the two of them are sufficient to state a cognizable claim against Defendant Johnson for failure to protect.

The fact that Defendants Dimmer and Harrington found that Plaintiff was suitable for double cell status at an ICC hearing, without more, does not establish an Eighth Amendment violation for failure to protect.  Plaintiff does not state any other cognizable claims for failure to protect against any of the other defendants.  Plaintiff will be provided the opportunity to amend the complaint if he so desires.

**C.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1104 (9th Cir. 2011); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); see also <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Silva</u>, 658 at 1104; <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff has alleged sufficient facts to state a cognizable retaliation claim against Defendant Dimmer.  Plaintiff alleges that on or about April 24, 2009, at a hearing regarding Plaintiff's written grievance, Dimmer recommended that Plaintiff be placed in administrative segregation and issued a

rules violation report because of the contents of the grievance.  As a direct result of Dimmer's actions, Plaintiff was placed in administrative segregation with restricted privileges causing a chilling effect on his efforts to redress his grievance.

Plaintiff fails to state a cognizable claim for retaliation against Defendants Harrington and Billings as he alleges nothing more than supervisory or vicarious liability which is not cognizable in a 1983 action.  Iqbal, at 1948-49.  In addition, Plaintiff is advised that "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Plaintiff alleges no adverse action by either of these defendants sufficient to state a claim.  Plaintiff will be given the opportunity to amend this claim if he so desires.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Johnson for failure to protect in violation of the Eighth Amendment and Defendant Dimmer for a First Amendment retaliation claim.  Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for failure to protect against Defendant Johnson and retaliation against Defendant Dimmer, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff two (2) summons for Plaintiff to initiate service of process on Defendants Johnson and Dimmer.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

        a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

        b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Johnson for failure to protect and Defendant Dimmer for retaliation; and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 30, 2013**

UNITED STATES MAGISTRATE JUDGE