1
2
3
4
5
6
7

8       **UNITED STATES DISTRICT COURT**

9             EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LORENZO FOSSELMAN, JR., | Case No.  1:12-cv-01302-AWI-SAB |
| 12             Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| 13        v. | CERTAIN CLAIMS |
| 14  MATTHEW CATE, et al., | ECF NO. 16 |
| 15             Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

16

17                                    **I.**

18                           **INTRODUCTION**

19        Plaintiff Lorenzo Fosselman, Jr. ("Plaintiff") is a state prisoner proceeding pro se in this

20  action pursuant to 42 U.S.C. § 1983.  This action was removed from state court on August 1,

21  2012.  (ECF No. 1.)  The Court screened Plaintiff's original complaint on October 31, 2013.

22  (ECF No. 14.)  This action proceeds on Plaintiff's First Amended Complaint filed on November

23  18, 2013.  (ECF No. 16.)

24        For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint

25  states some cognizable claims.

26  / / /

27  / / /

28  / / /

                                          1

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

/ / /

/ / /

/ / /

/ / /

### III.

### PLAINTIFF'S COMPLAINT[1]

The events described in Plaintiff's First Amended Complaint took place while Plaintiff was incarcerated at Kern Valley State Prison in Delano, California ("KVSP"). Plaintiff names M. Cate (former secretary of CDCR), D. Dimmer (correctional counselor), K. Harrington (warden), T. Billings (appeals coordinator), and Johnson (correctional officer) as defendants in this action (all defendants collectively referred to as "Defendants").

Plaintiff contends that his rights under the Eighth Amendment were violated when Defendants enforced a policy that required Plaintiff to double cell with other violent prisoners. (First Am. Compl. 5.[2]) Plaintiff contends that he filed numerous appeals regarding the double cell policy. (First Am. Compl. 5.)

On February 1, 2008, Plaintiff attended an Institutional Classification Committee ("ICC") hearing where Plaintiff informed prison officials "that if he was further forced to double cell with any inmate incompatible with his Kemetic religious beliefs the inmates['] blood would be on the departments hands." (Decl. of Lorenzo Fosselman ("Fosselman Decl.") ¶ 4.) Initially, Plaintiff was granted single cell status. (Fosselman Decl. ¶ 5.) However, on January 29, 2009, Plaintiff attended another ICC hearing where Defendant Dimmer recommended that Plaintiff be placed on double cell status. (Fosselman Decl. ¶ 6.) Plaintiff argued that sharing a cell with another incompatible inmate would be "a recipe for disaster." (Fosselman Decl. ¶ 6.) Plaintiff filed a grievance challenging the ICC's decision. (Fosselman Decl. ¶ 7.)

At an April 24, 2009 hearing "concerning the issue of the written grievance," Dimmer recommended that Plaintiff be issued a Rules Violation Report ("RVR") and placed in administrative segregation. (Fosselman Decl. ¶ 8.) Plaintiff remained on single cell status while in administrative segregation, pending the hearing on the RVR. (Fosselman Decl. ¶ 9.)

---

[1] Plaintiff filed a declaration at the same time as his First Amended Complaint, which the Court docketed as a separate document from Plaintiff's First Amended Complaint. (ECF No. 17.) It is unclear whether Plaintiff intended the declaration to somehow be incorporated with his First Amended Complaint or if it was intended to serve some other purpose. The Court will liberally construe Plaintiff's First Amended Complaint as incorporating the allegations made in Plaintiff's declaration.

[2] Citations to Plaintiff's First Amended Complaint will reference the page numbers as electronically docketed, not the page numbers used by Plaintiff.

1  Eventually, Plaintiff was found not guilty of the RVR for "threatening an inmate." (Fosselman

2  Decl. ¶ 10.)  Plaintiff contends that "it was ... clear that the RVR and ad-seg placement was a

3  reprisal for the grievance Plaintiff wrote regarding the staff deliberate indifference." (Fosselman

4  Decl. ¶ 10.)

5      Between April 2009 and September 2009, Plaintiff contends that Defendant T. Billings

6  refused to investigate or process Plaintiff's grievances regarding the double celling issue.

7  (Fosselman Decl. ¶ 11.)  On June 9, 2009, Plaintiff's housing status was changed to double cell

8  status.  (Fosselman Decl. ¶ 12.)  Plaintiff was forced to share a cell with another inmate, L.

9  Player.  (Fosselman Decl. ¶ 13.)  Plaintiff contends that Defendants knew Plaintiff and Player

10  were incompatible and intended them to fight each other.  (Fosselman Decl. ¶ 14.)

11      From the end of 2009 through the beginning of 2010, Plaintiff "went out to court, and

12  was placed on single cell status during the transition."  (Fosselman Decl. ¶ 14.)  On April 1,

13  2010, Plaintiff alleges that Defendant Johnson "orchestrated a move to force inmate Davis into

14  the cell with Plaintiff" even though Johnson had mental instability issues.  (Fosselman Decl. ¶

15  15.)  Plaintiff informed Johnson "that due to his spiritual convictions he was not compatible to

16  cell-up with [another] inmate with either mental problems and/or gang affiliation."  (Fosselman

17  Decl. ¶ 16.)  Plaintiff further contends that Davis harbored resentment toward Plaintiff due to

18  Plaintiff's spiritual beliefs and the fact that Plaintiff was previously single-celled.  (Fosselman

19  Decl. ¶ 16.)  Plaintiff was threatened with another trip to administrative segregation if he refused

20  to share a cell with Davis.  (Fosselman Decl. ¶ 16.)  On April 3, 2010, Davis was involved in a

21  physical altercation with Plaintiff, which resulted in Davis being treated for serious injuries.

22  (Fosselman Decl. ¶ 16.)

23      Plaintiff continued to file grievances concerning the double cell policy.  (Fosselman Decl.

24  ¶ 18.)  Plaintiff contends that these grievances were improperly screened out by Defendant T.

25  Billings.  (Fosselman Decl. ¶ 19.)

26  / / /

27  / / /

28  / / /

4

# IV.

## DISCUSSION

### A.   Eighth Amendment Claims

Plaintiff contends that Defendants violated his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  Second, "a prison official must have a 'sufficiently culpable state of mind.'  [Citations.]  In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety."  Id.  A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff alleges that Defendant Johnson housed Plaintiff with a cellmate (Davis) despite knowing that Plaintiff and Davis were incompatible.  Plaintiff further alleges that, as a result, Plaintiff and Davis got into a fight.  Plaintiff states a cognizable claim against Defendant Johnson under the Eighth Amendment.

Plaintiff does not state a cognizable Eighth Amendment claim against any other defendant.  Plaintiff does not allege facts that plausibly support the conclusion that any other defendant was actually aware of a specific threat of serious harm to Plaintiff and acted with deliberate indifference by ignoring the threat.

### B.   First Amendment Retaliation Claims

Plaintiff contends that Defendants retaliated against Plaintiff's exercise of his First Amendment rights.  Allegations of retaliation against a prisoner's First Amendment rights to

1   speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658

2   F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also

3   Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807

4   (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails

5   five basic elements: (1) An assertion that a state actor took some adverse action against an

6   inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

7   inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

8   legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005);

9   Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry,

10   584 F.3d 1262, 1269 (9th Cir. 2009).

11          Plaintiff contends that Defendant Dimmer placed Plaintiff in administrative segregation

12   because Plaintiff filed a grievance regarding his double cell status.  The Court finds that Plaintiff

13   states a cognizable claim for retaliation against Defendant Dimmer.

14          Plaintiff does not state any cognizable retaliation claims against any other defendant.

15   Plaintiff does not allege facts that plausibly support the conclusion that any other defendant took

16   adverse action against Plaintiff because of Plaintiff's exercise of his First Amendment rights.

17          **C.      Dismissal without Leave to Amend**

18          Generally, leave to amend a dismissed complaint should be granted if it appears at all

19   possible that the plaintiff can correct the defects in the complaint.  Lopez v. Smith, 203 F.3d

20   1122, 1130 (9th Cir. 2000).  However, leave to amend may be denied when a plaintiff was

21   previously notified of the deficiencies in his claims but did not cure them.  See Chodos v. West

22   Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

23          Here, Plaintiff was previously informed of the deficiencies in his non-cognizable claims

24   and his First Amended Complaint failed to cure them.  Accordingly, the Court will recommend

25   dismissal of those claims without leave to amend.

26   / / /

27   / / /

28   / / /

**V.**

**CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint states cognizable claims against Defendant Johnson under the Eighth Amendment and against Defendant Dimmer for retaliation against Plaintiff's exercise of his First Amendment rights. However, Plaintiff's First Amended Complaint does not state any other cognizable claims. The Court finds that leave to amend should be denied because Plaintiff's non-cognizable claims cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that this action proceed solely on Plaintiff's Eighth Amendment claim against Defendant Johnson and on Plaintiff's First Amendment retaliation claim against Defendant Dimmer and that all other claims be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 27, 2014**

_____
UNITED STATES MAGISTRATE JUDGE