UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, JR. | Case No.: 1:12-cv-01302-AWI-SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING CERTAIN CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A COGNIZABLE CLAIM, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | [ECF No. 18] |

Plaintiff Lorenzo Fosselman, Jr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 31, 2013, the Court screened Plaintiff's complaint and granted him the option of either filing an amended complaint or notifying the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 14.)

On November 18, 2013, Plaintiff filed an amended complaint. On January 27, 2014, the Magistrate Judge issued a Findings and Recommendation that the action proceed only on Plaintiff's Eighth Amendment claim against Defendant Johnson and on Plaintiff's First Amendment retaliation claim against Defendant Dimmer and all other claims be DISMISSED, without leave to amend. (ECF NO. 18.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within thirty days. Plaintiff filed objections on February 24, 2014.

///

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis. Plaintiff appears to be arguing that Defendants Cate, Harrington, and Billings have violated his Eighth Amendment rights by implementing a general policy of double celling, even among high security level prisoners. However, "Double-celling as such is not constitutionally impermissible." Ford v. Ramirez-Palmer, 301 F.3d 1043, 1051 (9th Cir. 2002) (dealing with housing of level four, highest security level, prisoner). Plaintiff has not alleged that these three Defendants knew the specific concerns Plaintiff expressed about being housed with prisoner Davis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed on January 27, 2014, is adopted in full; and

2. This action shall proceed solely on Plaintiff's Eighth Amendment claim against Defendant Johnson and on Plaintiff's First Amendment retaliation claim against Defendant Dimmer;

3. All other claims and defendants are DISMISSED from the action with prejudice; and

4. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: January 16, 2015

SENIOR DISTRICT JUDGE