UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, JR.<br><br>    Plaintiff,<br><br>    v.<br><br>D. DIMMER, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01302-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>[ECF No. 38] |

Plaintiff Lorenzo Fosselman, Jr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment on the grounds that Plaintiff failed to exhaust the administrative remedies. (ECF No. 38.)

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's Eighth Amendment claim against Defendant Johnson and First Amendment retaliation claim against Defendant Dimmer. (ECF No. 23.)

On November 2, 2015, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 38.) After receiving an extension of time, Plaintiff filed an opposition on February 5, 2016. (ECF No. 42.)

## II.

## DISCUSSION

### A. Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### B. Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him.  Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of exhaustion remains with Defendants.  Id. (quotation marks omitted).

**C.      Summary of CDCR's Generally Available Inmate Appeals Process**

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal

level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.

### D. Allegations of Complaint

At all times relevant Plaintiff was an inmate of the CDCR and was housed at Kern Valley State Prison (KVSP).

Plaintiff contends that his rights under the Eighth Amendment were violated when Defendants enforced a policy that required Plaintiff to double cell with other violent prisoners.  (First Am. Compl. 5.[1])  Plaintiff contends that he filed numerous appeals regarding the double cell policy.  (First Am. Compl. 5.)

On February 1, 2008, Plaintiff attended an Institutional Classification Committee ("ICC") hearing where Plaintiff informed prison officials "that if he was further forced to double cell with any inmate incompatible with his Kemetic religious beliefs the inmates['] blood would be on the departments hands."  (Decl. of Lorenzo Fosselman ("Fosselman Decl.") ¶ 4.)  Initially, Plaintiff was granted single cell status.  (Fosselman Decl. ¶ 5.)  However, on January 29, 2009, Plaintiff attended another ICC hearing where Defendant Dimmer recommended that Plaintiff be placed on double cell status.  (Fosselman Decl. ¶ 6.)  Plaintiff argued that sharing a cell with another incompatible inmate would be "a recipe for disaster."  (Fosselman Decl. ¶ 6.)  Plaintiff filed a grievance challenging the ICC's decision.  (Fosselman Decl. ¶ 7.)

At an April 24, 2009 hearing "concerning the issue of the written grievance," Dimmer recommended that Plaintiff be issued a Rules Violation Report ("RVR") and placed in administrative segregation.  (Fosselman Decl. ¶ 8.)  Plaintiff remained on single cell status while in administrative segregation, pending the hearing on the RVR.  (Fosselman Decl. ¶ 9.)  Eventually, Plaintiff was found not guilty of the RVR for "threatening an inmate."  (Fosselman Decl. ¶ 10.)  Plaintiff contends that "it was ... clear that the RVR and ad-seg placement was a reprisal for the grievance Plaintiff wrote regarding the staff deliberate indifference."  (Fosselman Decl. ¶ 10.)

---

[1] Citations to Plaintiff's First Amended Complaint will reference the page numbers as electronically docketed, not the page numbers used by Plaintiff.

4

1   Between April 2009 and September 2009, Plaintiff contends that Defendant T. Billings refused
2   to investigate or process Plaintiff's grievances regarding the double celling issue. (Fosselman Decl. ¶
3   11.) On June 9, 2009, Plaintiff's housing status was changed to double cell status. (Fosselman Decl. ¶
4   12.) Plaintiff was forced to share a cell with another inmate, L. Player. (Fosselman Decl. ¶ 13.)
5   Plaintiff contends that Defendants knew Plaintiff and Player were incompatible and intended them to
6   fight each other. (Fosselman Decl. ¶ 14.)
7   From the end of 2009 through the beginning of 2010, Plaintiff "went out to court, and was
8   placed on single cell status during the transition." (Fosselman Decl. ¶ 14.) On April 1, 2010, Plaintiff
9   alleges that Defendant Johnson "orchestrated a move to force inmate Davis into the cell with Plaintiff"
10  even though Johnson had mental instability issues. (Fosselman Decl. ¶ 15.) Plaintiff informed
11  Johnson "that due to his spiritual convictions he was not compatible to cell-up with [another] inmate
12  with either mental problems and/or gang affiliation." (Fosselman Decl. ¶ 16.) Plaintiff further
13  contends that Davis harbored resentment toward Plaintiff due to Plaintiff's spiritual beliefs and the fact
14  that Plaintiff was previously single-celled. (Fosselman Decl. ¶ 16.) Plaintiff was threatened with
15  another trip to administrative segregation if he refused to share a cell with Davis. (Fosselman Decl. ¶
16  16.) On April 3, 2010, Davis was involved in a physical altercation with Plaintiff, which resulted in
17  Davis being treated for serious injuries. (Fosselman Decl. ¶ 16.)
18  Plaintiff continued to file grievances concerning the double cell policy. (Fosselman Decl. ¶
19  18.) Plaintiff contends that these grievances were improperly screened out by Defendant T. Billings.
20  (Fosselman Decl. ¶ 19.)
21  **E.   Defendants' Motion for Summary Judgment**
22  Defendants argue that Plaintiff did not properly exhaust his administrative remedies related to
23  his retaliation claim against Defendant Dimmer or his deliberate indifference/failure to protect claim
24  against Defendant Johnson.
25  1.   Defendants' Arguments and Evidence
26  Defendants submit that while housed at KVSP, Plaintiff submitted approximately eight inmate
27  appeals between January 29, 2009, and January 29, 2011, that were accepted for review by the appeals
28  office at KVSP; however, Plaintiff appealed only four of these appeals through the third and final level

of review. These four appeals are: Log Nos. KVSP-09-00545, KVSP-09-01296, KVSP-10-00964, and KVSP-10-00967. (ECF No. 38-4, Declaration of M. Voong (Voong Decl.) ¶ 7; ECF No. 38-3, Declaration of S. Tallerico (Tallerico Decl.) ¶¶ 8-16.)

### a. Appeal Log No. KVSP-09-00545

Appeal Log No. KVSP-09-00545, received for review at the appeals office at KVSP on or about April 14, 2009, relates to the loss of a box of legal property during transportation. There is no claim of relations by Defendant Dimmer or regarding an allegation with another inmate as the result of Defendant Johnson's deliberate indifference. (Tallerico Decl), Ex. B.)

### b. Appeal Log No. KVSP-09-01296

Appeal Log No. KVSP-09-01296, received for review at the appeals office at KVSP on or about August 11, 2009, relates to missing property. (Id., Ex. F.) There is no claim of relations by Defendant Dimmer or regarding an allegation with another inmate as the result of Defendant Johnson's deliberate indifference. (Id.)

### c. Appeal Log No. KVSP-10-00964

Appeal Log No. KVSP-10-00964, received for review at the appeals office at KVSP on or about May 13, 2010, relates to access to the law library. (Id., Ex. H.) There is no claim of relations by Defendant Dimmer or regarding an allegation with another inmate as the result of Defendant Johnson's deliberate indifference. (Id.)

### d. Appeal Log No. KVSP-10-00967

In Appeal Log No. KVSP-10-00967, Plaintiff appealed a guilty finding related to a rules violation (for conduct that could lead to violence) arising from Plaintiff's altercation with inmate Davis on April 3, 2010. (Id., Ex. I)

Defendant Johnson argues that this appeal could not and did not exhaust the failure to protect claim against him because the facts are insufficient to place prison officials on notice of such claim.

### e. Appeal Log No. KVSP-O-09-00547

Defendants argue that although Plaintiff did submit appeal number KVSP-O-09-00547, regarding his desire to be single-celled, this appeal was not sufficient to exhaust the administrative remedies as to Plaintiff's retaliation claim against Defendant Dimmer. (Id., Ex. E.)

2.        Plaintiff's Rebuttal Arguments and Evidence

In response to Defendants' motion, Plaintiff filed an opposition, statement of disputed facts, declaration, and supporting evidence of other inmate appeals that were rejected at the first level of review.  Plaintiff also argues that Appeal Log No. KVSP-O-09-00547 sufficiently exhausted his retaliation claim against Defendant Dimmer, and Appeal Log No. KVSP-0-10-00967 sufficiently exhausted his failure to protect against Defendant Johnson.

Plaintiff submits that on May 9, 2009, he filed a separate inmate appeal regarding retaliatory placement in administrative segregation by Defendant Dimmer.  (ECF No. 42, Opp'n, Decl. of Pl. p. 2 & Ex. C.)  In this appeal, Plaintiff contends that he on April 24, 2009, he was ordered and placed in administrative segregation by D. Dimmer as reprisal for submitting an appeal challenging the ICC action in violation of Plaintiff's rights under the First Amendment.  (Id., Ex. C-1.)

On May 15, 2009, appeals coordinator T. Billings screened and rejected the appeal for failure to attach a copy of the 128(g) chrono and 115A rules violation report.  (Id., Ex. C-2.)  The appeal was screened and rejected again on June 15, 2009 and June 29, 2009, as incomplete for failure to submit the appropriate supporting documents.  (Id.)  On July 8, 2009 and July 22, 2009, the appeal was again screened and rejected at the first level of review because "[o]nly supporting documentation necessary to clarify the appeal shall be attached to the appeal CCR § 3084.2(a)(2)."  (Id., Exs. C-3 & C-4.)  On August 17, 2009, Plaintiff wrote a letter to the Chief of Inmate Appeals, requesting that an investigation be conducted and his appeal be processed and reviewed.  (Id., Ex. C-5.)  On September 2, 2009, Plaintiff received a response from N. Grannis, Chief of the Inmate Appeals Branch, who stated that the appeal was forwarded to the appeals coordinator at KVSP for further action.  (Id., Ex. C-6.)

Plaintiff also attests that on April 8, 2010, he submitted an inmate grievance regarding Defendant Johnson's actions in housing Plaintiff with an incompatible cellmate.  (ECF No. 42, Opp'n, Ex. A-1.)  The appeal was rejected at the first level of review for failure to provide necessary copies of Plaintiff's chrono(s) and to remove unauthorized documentation.  (Id., Ex. A-2.)  On May 3, 2010, Plaintiff wrote a letter to appeals coordinator T. Billings indicating that he complied with the directive and attached the most recent 128g classification chrono but Plaintiff was uncertain as to what

7

documents were "unauthorized" that required removal.  (Id., Ex. A-3.)  On May 12, 2010, the appeal was again rejected at the first level of review with the same notation that Plaintiff failed to provide the necessary copies of his chronos and was required to remove unauthorized documents.  (Id., Ex. A-4.)  On May 17, 2010, Plaintiff again wrote a letter to appeals coordinator T. Billings stating that he removed the previous appeal document and his most recent 128g classification chrono was attached to the last screen-out.  (Id., Ex. A-5.)  On June 1, 2010, the appeal was screened out yet against for failure to provide the necessary copies of Plaintiff's chrono(s) and instructed to attach the 128g chrono wherein ICC released Plaintiff back to the general population.  (Id., Ex. A-6.)  On June 15, 2010, Plaintiff wrote a letter to appeals coordinator T. Billings along with all the previous appeals and screening notices and indicated that it appeared "no administrative remedies" were available to him as he complied with all the directives but his appeal was improperly rejected four separate times.  (Id., Ex. A-7.)  On July 23, 2010, Plaintiff received a letter from D. Foston, Chief of the Inmate Appeals Branch which stated as follows:

> The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal as established in California Code of Regulations (CCR) Title 15, Article 8.  The Branch examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.
>
> Your Counselor, Parole Agent, or Appeals Coordinator can answer any questions you may have regarding the appeals process and/or assist in obtaining any requested documents.  The inmate library offers resources to obtain general information regarding regulations, procedures, policies, and government agency addresses.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.
>
> The Inmate Appeals Branch has received an appeal from you which has been rejected for the following reason(s): Your appeal was rejected, withdrawn or cancelled at the institution level.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

(Id., Ex. A-8.)  Plaintiff submits that on July 27, 2010, he re-submitted his appeal to appeals coordinator T. Billings but never received a response.

///

///

///

3. <u>Discussion and Findings on Defendants' Motion</u>

    a. **Appeal Log No. KVSP-0-10-00967-Failure to Protect Claim Against Defendant Johnson**

The Court will initially address Plaintiff's claim that Appeal Log No. KVSP-0-10-00967 sufficiently exhausted his failure to protect claim against Defendant Johnson.

Defendant Johnson argues that this appeal could not and did not exhaust the failure to protect claim against him because the content and timing of such appeal did not place prison officials on notice of such claim.

Plaintiff argues that although this appeal was filed and exhausted as to the rules violation report, the body of the grievance as well as his defense to the charge presents facts of Johnson's deliberate indifference and failure to protect as being the cause of the incident. (ECF No. 42, Opp'n at p. 14.)

At the time that Plaintiff filed inmate Appeal Log No. KVSP-0-10-00967 on May 12, 2010, the relevant regulations provided that the prisoner was "to describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a) (2010).[2] The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120 (9th Cir. 2009). Plaintiff's appeal did not suffice to alert prison officials to the nature of the wrong for which redress is now sought. <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 824 (9th Cir. 2010) (quotation marks omitted); <u>accord</u> <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1211 (9th Cir. 2012). On the first line of the appeal Plaintiff states "[t]his appeal challenges the finding of guilt in RVR Log # FD-10-02-002." (Tallerico Decl., Ex. I.) Plaintiff asserted the senior hearing officer prevented him from presenting a defense, he was arbitrarily denied witnesses, and the senior hearing officer did not fully review all of the evidence. (<u>Id.</u>) Plaintiff specifically requested that the RVR be dismissed or reduced, a new housing placement hearing, and no reprisals be taken against him. (<u>Id.</u>) Although Plaintiff mentions in this appeal that Johnson ordered him to share a cell with inmate Davis, such information is provided only to support his claim that the senior hearing officer did

---

[2] The regulation was amended in December 2010 to provide that inmates must list all involved staff members and describe their involvement; and inmates shall state all facts known regarding the issue being appealed. Cal. Code Regs., tit. 15, § 3084.2(a)(3), (4).

9

not allow him to present his defense and arbitrarily denied certain witnesses and staff interviews, including Defendant Johnson. (Id.) Thus, Plaintiff specifically challenges the guilty finding related to the rules violation he received on April 21, 2010, stemming from the altercation with inmate Davis on or about April 3, 2010. (Id.) Further, the timing of the filing of the appeal supports the finding that the appeal challenges only the RVR guilty finding. The alleged deliberate indifference to Plaintiff's safety took place on or about April 1, 2010, when Plaintiff alleges that Defendant Johnson orchestrated a move to force inmate Davis into the cell with Plaintiff, despite knowledge of their incompatibility. Plaintiff would have been aware of Johnson's alleged deliberate indifference on that date, or at the very latest, on April 3, 2010, the date of the altercation with inmate Davis. Under applicable prison regulations at the time of the filing of the appeal in 2010, Plaintiff was required to submit the appeal no later than April 23, 2010 (fifteen working days after April 3, 2010).[3] Appeal Log No. KVSP-10-00967, therefore, could not have timely appealed the alleged deliberate indifference by Defendant Johnson. Based on the content of the appeal as well as the timing of the appeal, this appeal was insufficient to grieve Plaintiff's failure to protect claim against Defendant Johnson. See, e.g., Stewart v. Brown, No. 1:10-cv-01093-LJO-JLT (PC), 2013 WL 4934677, *3 (E.D. Cal. 2012) (aff'd Stewart v. Brown, 584 Fed.Appx. 613 (9th Cir. 2014) (the timing and content of the appeal challenged only the RVR, not a separate claim of failure to protect prior to issuance of the RVR).

    **b. Appeal Log No. KVSP-0-09-00547-Retaliation Claim Against Defendant Dimmer**

First, even if the partial grant of this appeal at the first level of review exhausted this appeal, the Court does not agree with Plaintiff's argument that Appeal Log No. KVSP-0-09-00547 sufficiently exhausted his retaliation claim against Defendant Dimmer.[4] Plaintiff's filed Appeal Log No. KVSP-O-09-00547 on April 6, 2009, prior to the events giving rise to retaliation claim against Defendant Dimmer which took place at the April 24, 2009, hearing. Second, in Appeal Log No. KVSP-O-09-00547 Plaintiff stated the following:

---

[3] The fifteen working day deadline was in effect during the time Plaintiff filed this appeal in May 2010. Code Regs. tit. 15, § 3084.6(c). However, the regulations were amended in 2011, and now allow "30 calendar days" to submit a grievance from the "occurrence of the event or the decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b)(1). An appeal is deemed submitted when it is received by the Appeals Coordinator. Id. at § 3084.6(a).

[4] This appeal was partially granted at the first level of review on April 24, 2009. (Tallerico Decl., Ex. E.)

> On 4-2-09 I received my 128g form ICC wherein the committee made me double cell, in disregard to a previous placement of a single cell at a ICC on 2-7-08, and 3-17-08, as well as a granted appeal in my C-file log #SVSP D-08-0138 where ICC was made aware that if appellant is forced in the cell with somebody incompatible with his religious beliefs he will kill him and the blood will be on the departments hands See:written [sic] statement submitted to ICC on 2-8-08, and [g]ranted appeal log #SVSP D-08-0138. Upon information & belief this committee does not value the sanctity of human life evidenced by AW Dill's comments to appellant during the hearing regarding the State[']s budget crisis being the reason he's taking the "S" status from me. Appellant submitted a written statement on 1-29-09 to the committee addressing his willingness to program successfully, as he had been since his arrival to KVSP, but alerting them to the fact that his position has not changed, making his "double cell" is a health & safety risk. See: Ex "A" written statement submitted to ICC dated 2-8-08, Attached hereto EX "B" written statement dated 1-26-09 submitted to ICC on 1-29-09 attached hereto, and EX "C" Granted appeal Log #D-08-0138 also attached hereto. However they made him double cell anyway, Mr. Dill during the hearing commented that he doesn't care if someone is seriously hurt, because he's retiring anyway.
>
> This deliberate indifference putting CDCR prisoner's lives at risk must be corrected, before someone is seriously hurt.

(Tallerico Decl., Ex. E.) Notwithstanding the timing of the filing of the instant grievance (prior to the date of alleged misconduct by Defendant Dimmer), the factual allegations set forth in this grievance did not place prison officials on notice of a retaliation claim against Defendant Dimmer for issuance of a rules violation report and placement in administrative segregation for filing an inmate grievance.

As with Appeal Log No. KVSP-0-10-00967, at the time this grievance was filed, in order to substantively exhaust the administrative remedies, the appeal must "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). Plaintiff's appeal did not suffice to alert prison officials to the nature of the wrong for which redress is now sought. Sapp v. Kimbrell, 623 F.3d at 824; accord Akhtar v. Mesa, 698 F.3d at 1211. In this appeal, Plaintiff requested only that his single cell status be reinstated. Plaintiff does not (and could not) appeal the decision to place him in administrative segregation (as such decision had not yet been rendered), nor does the appeal contain an allegation that Dimmer placed him in administrative segregation as a result of filing a grievance. Accordingly, this appeal did not grieve Plaintiff's claim against Defendant Dimmer for retaliatory placement in administrative segregation for filing an inmate grievance.

///

///

### c. Other Appeals Filed by Plaintiff

As to the burden-shifting, the Court finds that Defendants have met "their burden of demonstrating a system of available administrative remedies at the initial step of the Albino burden-shifting inquiry." Williams, 775 F.3d at 1192; Tallerico Decl. ¶¶ 3-16; Voong Decl. ¶¶ 7-11.)

In order to defeat a properly supported motion seeking summary judgment for failure to exhaust the administrative remedies pursuant to the PLRA, Plaintiff must "come forward with evidence showing" either that he has properly exhausted all available administrative remedies prior to filing suit, or that "there is something in his particular case that made the existing and generally available remedies effectively unavailable to him." Williams, 775 F.3d at 1191; Jones, 549 U.S. at 218. Plaintiff has rebutted Defendants' evidence by submission of other inmate grievances which were improperly rejected rendering the administrative remedies effectively unavailable to Plaintiff.

Defendants' evidence, however, is insufficient to support their "ultimate burden of proof" that Plaintiff failed to exhaust the administrative remedies based on the documentary evidence he submitted in support of his opposition. Plaintiff has submitted evidence that he attempted to submit inmate appeals on several different occasions and all the appeals were screened and improperly rejected at the first level of review to which no further relief was available. Plaintiff's evidence, viewed in the light most favorable to him, meets his burden of production under Albino and Williams in that Plaintiff did exhaust or at a minimum attempted to exhaust the administrative remedies but his such efforts proved "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." Williams, 775 F.3d at 1191 (quoting Albino, 747 F.3d at 1172) (internal citation omitted). Indeed, Defendants' motion for summary judgment and Tallerico and Voong's declarations make no mention of the inmate appeals referenced by Plaintiff in his opposition and there is no basis to find that such screening of the appeals was proper. Further, Defendants did not file a reply to Plaintiff's opposition and have not addressed the arguments and evidence presented therein, and Defendants have therefore failed to rebut Plaintiff's evidence. See Williams, 775 F.3d at 1192; Albino, 747 F.3d at 1177 (finding evidence insufficient to prove defendants' claims of non-exhaustion despite the fact that "[a]s the movants …, [they] were on notice of the need to come forward with all their evidence in support of this motion, and they had every incentive to do so."). Accordingly, the Court recommends that

Defendants' motion for summary judgment based on Plaintiff's alleged failure to exhaust the administrative remedies be denied.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies be DENIED in its entirety.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2016**

UNITED STATES MAGISTRATE JUDGE